## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| POOL & SPA, ENCLOSURES, LLC, | : |
| Plaintiff, | :   **Civil Action No.** |
| vs. | : |
| AQUA SHIELD, INC. | :   **COMPLAINT** |
| Defendant. | : |
| | : |

Plaintiff, Pool & Spa Enclosures, LLC, (hereinafter referred to as "Pool & Spa" or "Plaintiff") alleging, upon knowledge as to itself and its own acts, and upon information and belief with respect to all other matters and by way of complaint against defendant, Aqua Shield, Inc. (hereinafter referred to as "Aqua Shield" or "Defendant") says:

### NATURE AND BASIS OF THE ACTION

1.      This action arises out of Defendant's knowing and willful false and misleading advertising of its own product and the defamatory misrepresentations Defendant has made regarding Plaintiff's products and operations.  Defendant's actions constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(b); federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); tortious interference with prospective business advantage or relationship; common law unfair competition; defamation; and common law injurious falsehood.  Pool & Spa seeks temporary, preliminary and permanent injunctive relief, actual damages, punitive damages, and recovery of Pool & Spa's costs and reasonable attorney's fees incurred in connection with this action.

## THE PARTIES

2.      Plaintiff, Pool & Spa Enclosures, LLC is a limited liability company of the State of New Jersey with its principal place of business located at 10 Centre Drive, Monroe Township, New Jersey 08831.  Pool & Spa is in the business of marketing and sale of telescopic enclosures for pools, sunroom/patio and spas in the United States, markets and promotes its pool enclosures on its website https://www.sunrooms-enclosures.com/ and attends trade shows within the United States.

3.      Defendant, Aqua Shield, Inc. is a corporation of the State of New York with its principal place of business located at 114 Bell Street, West Babylon, New York 11704.  Aqua Shield is a manufacturer and distributor of telescopic pool enclosures, pool covers and sunrooms in the United States, markets and promotes its pool enclosures on its website www.aquashield.com, and http://www.sunroomplus.com/ and attends trade shows within the United States.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §1338 because this case arises under the Lanham Act, 15 U.S.C. §1051, *et seq*.

5.      This Court has jurisdiction over Pool & Spa's state law claims pursuant to 28 U.S.C. §1367 and the doctrine of supplemental jurisdiction.

6.      This Court has personal jurisdiction over the Defendant because the Defendant transacts business within the State of New Jersey, contracts to supply goods or services in the State of New Jersey, and has engaged in tortious acts within the State of New Jersey.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and injury giving rise to Pool & Spa's claims have and continue to

occur in this district, and because the Defendant is a foreign person and venue is proper in any District pursuant to 28 U.S.C. §1391(d).

## FACTUAL BACKGROUND

### A.    Pool & Spa's Operations and Products

8.    Pool & Spa Enclosures, LLC is a member of the Inter-Pool Cover Team ("IPC"), and the exclusive supplier and distributor of IPC's pool enclosures in the United States.

9.    IPC is a pan-European association of qualified manufacturers and traders who develop, produce and deal in swimming pool enclosures.

10.    IPC's primary place of business is also located in the Czech Republic, and IPC does not directly sell any pool enclosures to customers in the United States.

11.    Customers cannot purchase IPC's products through its Internet website. The IPC team is an association of at least fourteen European companies designed to promote and manufacture and sell pool enclosures, of which Pool & Spa Enclosures is a member.

12.    The IPC Team is one of the best recognized manufacturers of telescopic enclosures for pools and spas in the industry. High quality assembly and top quality components have made the IPC Team the leading producer of swimming pool enclosures in the world.

13.    Pool & Spa Enclosures has the right to sell IPC Team pool enclosures in the United States and enjoys exclusive territorial sales within the United States.

14.    Pool & Spa Enclosures was formed in 2007 in the State of Delaware and incorporated in the State of New Jersey in 2008 and commenced selling products in 2008.

15.    Pool & Spa is the only IPC member that conducts business and sales operations of pool enclosures in the United States.

16.     Pool & Spa devotes significant financial resources each year to marketing its pool enclosures within the United States.

17.     Defendant is in no way affiliated with Plaintiff, Pool & Spa Enclosures or its related entities.

## B.     Defendant's False, Misleading and Unlawful Advertising and Promotion

18.     Defendant, Aqua Shield is a manufacturer and distributor of telescopic pool enclosures, pool covers and sunrooms in the United States, including the State of New Jersey, markets and promotes its pool enclosures on its website www.aquashield.com, and http://www.sunroomplus.com/ and attends trade shows within the United States.

19.     Aqua Shield falsely advertises and promotes and holds out as its own to the world on the world wide web, models of sunroom enclosures that were in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures.

20.     That Aqua Shield is falsely advertising and promoting as its own, models of sunroom enclosures that were in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures is readily apparent through photographs and videos posted by Aqua Shield's on the world wide web at: https://www.youtube.com/watch?v=kL_LwXmE9fo.

21.     Aqua Shield is deliberately misrepresenting to consumers, the public and the marketplace on the worldwide web that sunroom enclosures manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures are Aqua Shield's own products, when, in fact, they are not.

22.     Upon information and belief, Aqua Shield has advertised and promoted on the worldwide web that it is a manufacturer of state of the art telescopic sunroom enclosures and that

4

the models of sunroom enclosures displayed therein are proudly made by Aqua Shield in the United States and shipped to its customers fully assembled.

23.     The public has been and will continue to be deceived when they believe that they are contracting for a sunroom enclosure as advertised by Aqua Shield on the worldwide web that is in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures, only to receive a wholly distinct and inferior product from Aqua Shield.

24.     The false and deceptive advertising practiced by Aqua Shield in holding out models of sunroom enclosures that were in fact sold and installed by Pool & Spa Enclosures has and will continue to cause Pool & Spa to lose sales of its genuine models of pool enclosures to potential customers.

25.     The association between the actual Aqua Shield sunroom enclosures and the sunroom enclosures deceptively advertised by Aqua Shield on the worldwide web but actually manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures is likely to tarnish the reputation of both Pool & Spa Enclosures and its related entities in that the Aqua Shield product is wholly distinct and inferior.

## C.     The On-Going Patent Case by and between Aqua Shield and the IPC Team and Pool & Spa Enclosures

26.     On or around October 18, 2005, Aqua Shield, Inc. filed a complaint with the United States District Court for the Eastern District of New York and requested that the Court issue an Order to Show Cause why Aqua Shield should not be granted injunctive relief against the IPC Team

27.     On October 26, 2005, the Eastern District of New York denied Aqua Shield's request and motion for a preliminary injunction.

28.     On or around December 31, 2008, the Eastern District of New York determined that the case should have been brought in Utah, and accordingly, transferred the case to the United States District Court for the District of Utah by Order dated January 5, 2009.

26.     On August 10, 2015, the United States District Court for the District of Utah issued its Memorandum Decision and Order on Remand awarding Aqua Shield, Inc. a reasonable royalty in the amount of $216,000.

27.     The patent action is currently pending on appeal before the United States Court of Appeals for the Federal Circuit.

**D.     Aqua Shield's Continued Representations to Potential Customers at Trade Shows and Elsewhere that they are Violating Patent Law by Contracting with Pool & Spa Enclosures for the Sale and Installation of Pool Enclosures are Patently False, Fraudulent, and Defamatory**

28.     Upon information and belief, Aqua Shield and its agents and representatives has made and will continue to make fraudulent misrepresentations to potential customers of Pool & Spa at trade shows and elsewhere that those customers would violating patent law and subjecting themselves to criminal and/or civil prosecution and penalty by contracting with Pool & Spa for the sale and installation of pool enclosures.

29.     Upon information and belief, at the time Aqua Shield and its agents and representatives made representations to potential customers of Pool & Spa at trade shows and elsewhere that those customers would be violating patent law and subjecting themselves to criminal and/or civil prosecution and penalty by contracting with Pool & Spa for the sale and installation of pool enclosures, Aqua Shield knew the representations were false and made them only in an effort to dissuade those customers from doing business with Pool & Spa.

30.     Upon information and belief, Aqua Shield made the false and misleading representations about customers' being in violation of patent law and subject to criminal and/or

civil prosecution and penalty for the sole purpose of inducing those customers to enter into a contract with Aqua Shield and to convince the customers not to do business with Pool & Spa.

31.      Not satisfied with presenting unjustified, unsupported and fraudulent information to potential customers to dissuade them from doing business with Pool & Spa, Aqua Shield also made defamatory and unsupported statements about Pool & Spa's business.

32.      Upon information and belief, during industry trade shows, Aqua Shield has made multiple disparaging and defamatory statements to Pool & Spa's potential customers about Pool & Spa and its business, including telling such customers that the IPC Team's and Pool & Spa's pool enclosures were overpriced and inferior to Aqua Shield's products and that the IPC Team's and Pool & Spa's pool enclosures were essentially junk simply because they were made outside of the United States.

33.      Aqua Shield's statements lacked any basis in fact and were made as part of Aqua Shield's calculated effort to dissuade customers from doing business with Pool & Spa.

34.      Aqua Shield's fraudulent misrepresentations to customers about them being in violation of patent law and subject to criminal and/or civil prosecution and penalty to the extent they contracted with Pool & Spa and the defamatory statements about Pool & Spa's business has had the effect Aqua Shield intended.

35.      As a result of Aqua Shield's tortious and defamatory actions, Pool & Spa has suffered damages, including damages to its reputation and lost profits in an amount to be determined at trial.

36.      At all times, Aqua Shield acted intentionally, willfully, and with evil motive in fraudulently misrepresenting to customers about them being in violation of patent law and

7

subject to criminal and/or civil prosecution and penalty to the extent they contracted with Pool & Spa and making false and defamatory claims about Pool & Spa and its products.

**COUNT I**

**FALSE ADVERTISING**
**(Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(b))**

37.     Pool & Spa incorporates herein and realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 36 above, inclusive.

38.     Aqua Shield advertising and promoting as its own, models of sunroom enclosures that were in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures through the publication of statements, photographs and videos posted on the worldwide web, are materially false statements and illustrations that are likely to cause consumer confusion, mistake, or deception as to the quality and reliability of their own products.

39.     These are material misrepresentations upon which customers or potential customers have, and will rely.  Aqua Shield's actions therefore mislead and harm customers and consumers as well as damage Pool & Spa's good name and reputation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40.     Given Aqua Shield's knowledge and admissions that the sunroom enclosures advertised and promoted on the worldwide web are not their own and are instead in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures, the aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake and/or deception.

41.     The aforesaid acts of Aqua Shield have caused and will continue to cause damage to Pool & Spa, in an amount to be determined at trial.

42.     The aforesaid acts of Aqua Shield have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Pool & Spa for which Pool & Spa has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

(a)     Enjoining Defendant from continuing to advertise and promote as its own on the worldwide web patio enclosures manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures;

(b)     Awarding compensatory damages to Plaintiff;

(c)     Awarding punitive damages to Plaintiff;

(d)     Awarding pre-judgment interest and costs of suit including, but not limited to attorneys' fees; and

(e)     Such other relief as this Court deems just and proper.

**COUNT II**

**USE OF FALSE DESCRIPTIONS AND FALSE REPRESENTATIONS
IN INTERSTATE COMMERCE**
**(Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a))**

43.     Pool & Spa incorporates herein and realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 42 above, inclusive.

44.     Aqua Shield advertising and promoting as its own, models of sunroom enclosures that were in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures through the publication of statements, photographs and videos posted by Aqua Shield on the worldwide web, are materially false statements and illustrations that are likely to cause consumer confusion, mistake, or deception as to the quality and reliability of their own products.

45.    These are material misrepresentations upon which customers or potential customers have, and will rely.  Aqua Shield's actions therefore mislead and harm customers and consumers as well as damage Pool & Spa's good name and reputation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

46.    Aqua Shield, therefore, has willfully advertised and promoted as its own, models of sunroom enclosures that were in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures in interstate commerce so as to cause confusion or mistake among the public as to the quality and content of its products, all to Aqua Shield's profit and the public's and Pool & Spa's damage.

47.    Given Aqua Shield's knowledge and admissions that the sunroom enclosures advertised and promoted on its website are not their own and are instead in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures, the aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake and/or deception.

48.    The aforesaid acts of Aqua Shield constitute use of false descriptions and false representations in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

49.    The aforesaid acts of Aqua Shield have caused and will continue to cause damage to Pool & Spa, in an amount to be determined at trial.

50.    The aforesaid acts of Aqua Shield have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Pool & Spa for which Pool & Spa has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

      (a)     Enjoining Defendant from continuing to advertise and promote as its own on the worldwide web sunroom enclosures manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures;

      (b)     Awarding compensatory damages to Plaintiff;

      (c)     Awarding punitive damages to Plaintiff;

      (d)     Awarding pre-judgment interest and costs of suit including, but not limited to attorneys' fees; and

      (e)     Such other relief as this Court deems just and proper.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

51.     Pool & Spa incorporates herein and realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 50 above, inclusive.

52.     Aqua Shield has made false statements to the public and its customers and has willfully advertised and promoted as its own, models of sunroom enclosures that were in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures with the intent of deceiving and misleading the public as to the quality and nature of its product.

53.     The aforesaid acts have enabled Aqua Shield to misappropriate the labors and expenditures of Pool & Spa in developing the market for its sunroom enclosures.

54.     Additionally, the aforesaid acts have caused, and are likely to continue to cause injury to the public and to Pool & Spa's business representation, and result in Aqua Shield unfairly competing with Pool & Spa.

55.     Given Aqua Shield's knowledge and admissions that the sunroom enclosures advertised and promoted on the worldwide web are not their own and are instead in fact manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures, the aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake and/or deception.

56.     The aforesaid acts of Aqua Shield have caused and will continue to cause damage to Pool & Spa, in an amount to be determined at trial.

57.     The aforesaid acts of Aqua Shield have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Pool & Spa for which Pool & Spa has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

(a)     Enjoining Defendant from continuing to advertise and promote as its own on the world wide web sunroom enclosures manufactured by the IPC team, and sold and installed in the United States by Pool & Spa Enclosures;

(b)     Awarding compensatory damages to Plaintiff;

(c)     Awarding punitive damages to Plaintiff;

(d)     Awarding pre-judgment interest and costs of suit including, but not limited to attorneys' fees; and

(e)     Such other relief as this Court deems just and proper.

## COUNT IV

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

58.     Pool & Spa incorporates herein and realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 57 above, inclusive.

12

59.     Aqua Shield and its agents and representatives has made and will continue to make fraudulent misrepresentations to potential customers of Pool & Spa at trade shows and elsewhere that those customers would be violating patent law and subjecting themselves to criminal and/or civil prosecution and penalty by contracting with Pool & Spa for the sale and installation of pool or sunroom enclosures.

60.     At the time Aqua Shield and its agents and representatives made representations to potential customers of Pool & Spa at trade shows and elsewhere that those customers would be violating patent law and subjecting themselves to criminal and/or civil prosecution and penalty by contracting with Pool & Spa for the sale and installation of pool enclosures, Aqua Shield knew the representations were false and made them only in an effort to dissuade those customers from doing business with Pool & Spa.

61.     Aqua Shield made the false and misleading representations about customers' being in violation of patent law and subject to criminal and/or civil prosecution and penalty for the sole purpose of inducing those customers to enter into a contract with Aqua Shield and to convince the customers not to do business with Pool & Spa.

62.     Aqua Shield had actual or constructive knowledge of Pool & Spa's business expectancy from its customers.

63.     Aqua Shield intentionally interfered with and caused the termination of Pool & Spa's business expectancy with customers, by, among other things, making fraudulent statements and/or misrepresentations of fact to those customers that they would be violating patent law and subjecting themselves to criminal and/or civil prosecution and penalty by contracting with Pool & Spa for the sale and installation of pool enclosures.

64. Aqua Shield acted intentionally and without justification and used improper means.

65. But for Aqua Shield's conduct, Pool & Spa was reasonably certain to have realized the business expectancy from its customers.

66. Pool & Spa has suffered damages from Aqua Shield's conduct, including, but not limited to, lost profits in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

(a)   Awarding compensatory damages to Plaintiff;

(b)   Awarding punitive damages to Plaintiff;

(c)   Awarding pre-judgment interest and costs of suit including, but not limited to attorneys' fees; and

(d)   Such other relief as this Court deems just and proper.

## COUNT V

## DEFAMATION

67. Pool & Spa incorporates herein and realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 66 above, inclusive.

68. Aqua Shield and its agents and representatives published defamatory statements about Pool & Spa to potential customers, including that: (a) those customers would be violating patent law and subjecting themselves to criminal and/or civil prosecution and penalty by contracting with Pool & Spa for the sale and installation of pool enclosures; (b) Pool & Spa's products are overpriced; and (c) Pool & Spa's products are inferior because they are not manufactured in the United States.

14

69. The statements published by Aqua Shield about Pool & Spa and its products were false.

70. Aqua Shield lacked any justification or excuse for its actions.

71. Aqua Shield made the representations and statements intentionally, with knowledge that the representations and statements were false, and with actual malice and evil-mindedness.

72. Pool & Spa has suffered damages from Aqua Shield's conduct, including, but not limited to, damage to its reputation and lost profits in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

(a) Awarding compensatory damages to Plaintiff;

(b) Awarding punitive damages to Plaintiff;

(c) Awarding pre-judgment interest and costs of suit including, but not limited to attorneys' fees; and

(d) Such other relief as this Court deems just and proper.

## COUNT VI

### INJURIOUS FALSEHOOD

73. Pool & Spa incorporates herein and realleges, as if fully set forth herein, the allegations of Paragraphs 1 through 72 above, inclusive.

74. Aqua Shield published false and defamatory statements about Pool & Spa's business and/or products.

75. Aqua Shield knew at the time they published the statements that the statements were false or acted in reckless disregard for the truth or falsity of the statements.

15

76.     In publishing the statements, Aqua Shield intended to cause, and did cause harm to Pool & Spa's pecuniary interest, or, alternatively, Aqua Shield should have known its statements would cause harm to Pool & Spa's pecuniary interest.

77.     Pool & Spa has suffered damages from Aqua Shield's conduct, including, but not limited to, damage to its reputation and lost profits in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

(a)     Awarding compensatory damages to Plaintiff;

(b)     Awarding punitive damages to Plaintiff;

(c)     Awarding pre-judgment interest and costs of suit including, but not limited to attorneys' fees; and

(d)     Such other relief as this Court deems just and proper.

**COFFEY & ASSOCIATES**
Counsellors At Law
310 South Street
Morristown, New Jersey 07960
Attorneys for Plaintiff, Pool & Spa Enclosures, LLC

By: _____
        Gregory J. Coffey
        A Member of the Firm

Dated:  February 26, 2016

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all counts of the Complaint.

> **COFFEY & ASSOCIATES**
> Counsellors At Law
> 310 South Street
> Morristown, New Jersey 07960
> Attorneys for Plaintiff, Pool & Spa Enclosures, LLC
>
> By:_____
> Gregory J. Coffey

Dated: February 26, 2016

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Gregory J. Coffey, Esq. of the law firm of Coffey & Associates, 310 South Street, Morristown, New Jersey as trial counsel in this matter.

> **COFFEY & ASSOCIATES**
> Counsellors At Law
> 310 South Street
> Morristown, New Jersey 07960
> Attorneys for Plaintiff, Pool & Spa Enclosures, LLC
>
> By:_____
> Gregory J. Coffey

Dated: February 26, 2016