NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| POOL & SPA, ENCLOSURES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>AQUA SHIELD, INC.,<br><br>        Defendant. | Civ. No. 16-3418<br><br>**OPINION** |

THOMPSON, U.S.D.J.

   This matter comes before the Court upon the motion to dismiss for lack of personal jurisdiction brought by Defendant Aqua Shield, Inc. ("Defendant"). (ECF No. 10). Plaintiff Pool & Spa, Enclosures, LLC ("Plaintiff") opposes. (ECF No. 15). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion to dismiss will be granted.

**BACKGROUND**

   This case concerns alleged unfair competition, false and misleading advertising, and defamatory statements against the Plaintiff's product and operations. (Compl. ¶ 1, ECF No. 1). Plaintiff is a limited liability company of the State of New Jersey. (*Id.* ¶ 2). Defendant is a New York corporation. (*Id.* ¶ 3; Mot. Dismiss Br. at 2, ECF No. 10-7). Both parties market and sell telescopic pool enclosures, pool covers, and sunrooms in the United States. (*Id.* ¶¶ 2–3).

   Plaintiff alleges that Defendant falsely advertises, promotes, and holds out as its own models of sunroom enclosures that are manufactured exclusively by Plaintiff's affiliate and are

1

sold and installed in the United States exclusively by Plaintiff.  (Compl. ¶¶ 19–22, 35, ECF No. 1).  Specifically, Plaintiff claims that Defendant markets, promotes, and distributes its product in New Jersey (*id.* ¶ 18), on the "world wide web" (*id.* ¶¶ 20–25), and at "trade shows" (*id.* ¶ 28).  Plaintiff alleges that Defendant told potential customers at "trade shows and elsewhere that those customers would be violating patent law and subjecting themselves to criminal and/or civil prosecution and penalty by contracting with [Plaintiff] for the sale and installation of pool enclosures" despite the fact that Defendant "knew the representations were false and made them only in an effort to dissuade those customers from doing business with [Plaintiff]."  (*Id.* ¶ 29).  Plaintiff further alleges that Defendant said at industry trade shows that Plaintiff's product was "overpriced and inferior" to Defendant's product.  (*Id.* ¶ 32).  Plaintiff alleges that these false and defamatory statements have damaged its reputation and caused lost profits.  (Compl. ¶ 35).  Plaintiff also alleges that Defendant used images of Plaintiff's products as Defendant's own in an advertisement placed on YouTube.  (*Id.* ¶ 20).  Furthermore, Plaintiff alleges that Defendant's website portrays photographs of pool enclosures that Defendant sold and installed in Monroe Township, New Jersey, where Plaintiff maintains its corporate headquarters, and in Trenton, New Jersey, where this Court is situated.  (*See* Opp'n at 13, ECF No. 15).

Defendant moves to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, Defendant moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  (ECF No. 10).  This motion is presently before the Court.

## **LEGAL STANDARD**

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction."  *Provident Nat'l Bank v. Cal.*

*Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Marten v. Godwin,* 499 F.3d 290, 295–96 (3d Cir. 2007). The plaintiff can meet its burden by either presenting its case for personal jurisdiction in an evidentiary hearing or by pointing out facts and allegations in the complaint that, if taken as true, would establish that the court has jurisdiction over the defendant. *See Miller Yacht Salves, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Where the court does not hold an evidentiary hearing, the plaintiff need only present a prima facie case for the exercise of personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003).

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process. *IMO Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir. 1998); *Vetrotex Certaineed Corp. v. Consol. Fiber Glass Prods. Co.,* 75 F.3d 147, 150 (3d Cir. 1996).

New Jersey's long arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," and thus, the typical two-part inquiry to determine personal jurisdiction may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 698 (3d Cir. 2002).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla,* 357 U.S. 235 (1958)). There are two types of personal jurisdiction: general and specific. General jurisdiction exists where the defendant has "continuous and systematic" contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action. *Helicopteros Nacionales de*

*Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000).  Specific jurisdiction exists when the defendant purposely directs its activities at the forum such that the defendant "should reasonably anticipate being haled into court in that forum," the litigation arises out of at least one of those activities, and the exercise of jurisdiction would "comport with 'fair play and substantial justice.'" *Remnick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *World Wide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 297 (1980)); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 463, 105 S.Ct. 2174 (1985)).

A defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to these standards.  *See* Fed. R. Civ. P. 12(b)(2).

## **DISCUSSION**

In this case, Defendant seeks dismissal of the complaint due to lack of personal jurisdiction over Defendant.  Defendant states that Plaintiff does not allege any harmful conduct by Defendant in the State of New Jersey and argues that the only conduct that Plaintiff presents to tie Defendant to the forum state is a YouTube video that could be viewed in New Jersey. (Mot. at 5, ECF No. 10-7).  Plaintiff responds that this video is intended to harm Plaintiff's business, which is located in New Jersey, and thus Defendant purposefully directed its actions at the forum state such that it should reasonably anticipate being called to New Jersey and New Jersey can exercise personal jurisdiction over it.  (Opp'n at 13, ECF No. 15).  Furthermore, Plaintiff argues that Defendant markets, promotes, and distributes its products in New Jersey via the internet.  (Compl. ¶ 18, ECF No. 1; Opp'n at 3–4, ECF No 15; Ex. A, ECF No. 15-1 at 6–11).  Additionally, Defendant maintains a list of New Jersey dealers on its website that facilitate

4

the sale of its enclosures in the state. (Opp'n at 6 (citing Ex. B, ECF No. 15-1 at 13), ECF No. 15). Lastly, Plaintiff claims that Defendant makes inaccurate representations on its website, which is available in New Jersey. (Compl. ¶¶ 18-25, ECF No. 1).

Defendant contests that it had anything to do with the YouTube video. (Mot. Br. at 3, ECF No. 10-7).

"[T]he mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction." *Remick v. Manfredy*, 238 F.3d 248, 259 n. 3 (3d Cir. 2001). The Third Circuit uses the *Zippo* sliding scale to determine whether the commercial activity the defendant conducts over the Internet is sufficient to establish personal jurisdiction over the defendant in the forum. *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 726 (3d Cir. 2009) (referencing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)); *Weber v. Jolly Hotels*, 977 F. Supp. 327, 333 (D.N.J. 1997). According to the scale, defendants who actively do business over the Internet—defined as entering into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet—are subject to personal jurisdiction in that foreign jurisdiction; on the other hand, those who merely make information available on the Internet are not subject to personal jurisdiction everywhere that information may be accessed. *Spuglio*, 344 F. App'x at 726 (citing *Zippo,* 952 F. Supp. at 1124).

In this case, Plaintiff alleges that Defendant posted a YouTube video that harmed Plaintiff and was targeted at Plaintiff. (Opp'n at 13, ECF No. 15). Even construing the facts in the light most favorable to Plaintiff and assuming that Defendant was responsible for posting this video and that the video did harm Plaintiff, the video is informational only and is not sufficient to establish personal jurisdiction over the party responsible for posting it in any location where the

video may be accessed.  *See Spuglio*, 344 F. App'x at 726; *Remick,* 238 F.3d at 259 n. 3. Similarly, alleged inaccurate representations of Plaintiff on Defendant's website are informational only and insufficient to establish personal jurisdiction.  *Id.*  Plaintiff presents an Eleventh Circuit case in its opposition, where the court found it had personal jurisdiction over a defendant based on a website that was accessible in Florida and that caused harm in Florida. (Opp'n at 11-13, ECF No. 15).  However, the Third Circuit has made clear that that is insufficient in this jurisdiction.  *See Spuglio*, 344 F. App'x at 726; *Remick,* 238 F.3d at 259 n. 3.

Additionally, Plaintiff has alleged that Defendant has made sales to New Jersey, uses images of those sales in its online advertising, and presents a list of New Jersey dealers on its website to facilitate the sale of its enclosures in the state.  (Opp'n at 6, 13 (citing Ex. A, ECF No. 15-1 at 6–11; Ex. B, ECF No. 15-1 at 13), ECF No. 15).  Plaintiff thereby suggests that Defendant purposefully availed itself of doing business in the forum, purposely directed its activities at the forum such that the defendant "should reasonably anticipate being haled into court in that forum," and the litigation arises out of the alleged harm of those sales and others like them and the misuse of those sales images in advertising such that the exercise of personal jurisdiction over Defendant is proper.

While the particular sales in New Jersey are sufficient to establish specific jurisdiction over issues relating to those sales, Plaintiff does not raise those issues here.  Instead, Plaintiff brings other defamation and unfair competition claims.  These particular sales are insufficient to support general personal jurisdiction to bring other defamation and unfair competition claims against this Defendant in New Jersey.  Furthermore, while the list of dealers suggests a targeting of the New Jersey market, Plaintiff has failed to allege facts supporting "active… business over the Internet… involving the knowing and repeated transmission of computer files over the

Internet," which could support the exercise of personal jurisdiction over the Defendant in this state.  *Spuglio*, 344 F. App'x at 726.  Thus, Plaintiff has failed to allege sufficient contacts with the forum state via the Internet to establish personal jurisdiction over Defendant under the *Zippo* scale.

Plaintiff does not allege any other actions by Defendant in the forum state.  Defendant is correct that there is insufficient information about where, when, and to whom the alleged defamatory remarks were made or what the content of those statements was.  Thus, the Court cannot determine whether the remarks, if they occurred, were sufficient to establish specific personal jurisdiction over the speaker.  The general information posted on Defendant's website is insufficient to confer general personal jurisdiction over Defendant in New Jersey under the *Zippo* scale.  The fact that Plaintiff is a New Jersey company and was therefore harmed in New Jersey is insufficient without more to establish personal jurisdiction over Defendant.

## CONCLUSION

For the reasons above, Defendant's motion to dismiss for lack of personal jurisdiction will be granted.  Defendant's motion for a more definite statement will be denied as moot.  A corresponding order will follow.


**Dated:**  *12/16/16*  /s/ *Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

7